IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-155-D

| | |
|---|---|
| SHELVIE JEAN WEEKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On August 7, 2015, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 30] recommending that the court deny Weeks's motion for judgment on the pleadings [D.E. 25], grant defendant's motion for judgment on the pleadings [D.E. 27], and affirm defendant's final decision. On August 21, 2015, Weeks filed objections to the M&R [D.E. 31]. On August 24, 2015, defendant responded [D.E. 32].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Weeks's objections. As for those portions of the M&R to which Weeks made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which Weeks objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a reasonable mind "might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Walls, 296 F.3d at 290; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Weeks's objections largely restate her previous arguments challenging the ALJ's determination that Weeks's impairments did not meet or equal Listing 12.05(C). See [D.E. 26, 31]. Both Judge Numbers and the ALJ applied the proper legal standards and properly analyzed whether Weeks had shown that she had deficits in adaptative functioning and onset before age 22. Moreover, substantial evidence supports the ALJ's analysis. See [D.E. 30] 5–10; Tr. 16–22. Thus, the court overrules Weeks's objections concerning Listing 12.05(C).

Weeks also raises a new objection that she did not make to Judge Numbers. Specifically, Weeks now claims that the ALJ did not account for her moderate limitations in concentration,

2

persistence, or pace ("CPP") in determining residual functional capacity ("RFC"). See [D.E. 31] 5–7. In support, Weeks contends that the ALJ's RFC finding and hypothetical question to the vocational expert–both of which included the limitation that Weeks would be "limited to performing simple, routine, repetitive tasks with only occasional contact with the general public in an environment with few workplace changes," Tr. 18, 44–failed to properly account for the moderate difficulties in CPP that the ALJ found that Weeks had. [D.E. 31] 5–7; see Tr. 17.

Unfortunately, from a judicial efficiency perspective, the Fourth Circuit allows a party to raise a new objection before a district judge after failing to raise it before the magistrate judge. See, e.g., United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) ("[T]he party entitled to de novo review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate."); cf. Williams v. McNeil, 557 F.3d 1287, 1291–92 (11th Cir. 2009) (rejecting the Fourth Circuit's approach and joining the First, Fifth, Ninth, and Tenth Circuits in granting the district judge discretion to consider an argument that the party did not make to the magistrate judge). Thus, the court addresses the objection.

As for the merits of Weeks's objection, Weeks claims that the ALJ's hypothetical violates Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), because the hypothetical did not sufficiently account for Weeks's moderate difficulties in CPP by limiting Weeks to simple tasks. See [D.E. 31] 5. Weeks also claims that "[t]he additional limitation to only infrequent workplace changes does not solve the problem." Id.

In Mascio, the Fourth Circuit noted that an ALJ errs when the ALJ presents RFC findings to a vocational expert in the form of a hypothetical if the ALJ "failed to account for a relevant factor when determining [the plaintiff's RFC]." Mascio, 780 F.3d at 638. The Fourth Circuit "agree[d] with other circuits that an ALJ does not account for a claimant's limitation in concentration, persistence,

and pace by restricting the hypothetical question to simple, routine tasks or unskilled work" because "the ability to perform simple tasks differs from the ability to stay on task." Id. (quotation omitted). Because in Mascio the ALJ failed to explain why the plaintiff's "moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [plaintiff's] residual functional capacity," the Fourth Circuit remanded the case. Id.

Here, the ALJ's RFC finding and hypothetical question noted that Weeks is "limited to performing simple, routine, repetitive tasks with only occasional contact with the general public in an environment with few workplace changes." Tr. 18, 44. Through those limitations, the ALJ sufficiently accounted for Weeks's difficulties with concentration and persistence. The limitation failed to account, however, for Weeks's moderate difficulties with pace. Nor did the hypothetical implicitly account for those difficulties. See, e.g., Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011). Notably, the ALJ asked the vocational expert what effect an additional limitation of "not [being] capable of sustaining concentration to complete work tasks in a timely manner through the course of a work week" would have on job availability and the vocational expert responded that such an additional limitation would "preclude[] all work." Tr. 45. Because the ALJ's hypothetical failed to account for Weeks's moderate difficulties in pace and because such a difficulty could have impacted Weeks's job prospects, remand is appropriate. See Mascio, 780 F.3d at 638.

In sum, Weeks's objections to the M&R [D.E. 31] are SUSTAINED, Weeks's motion for judgment on the pleadings [D.E. 25] is GRANTED, defendant's motion for judgment on the pleadings [D.E. 27] is DENIED, and the action is REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). In remanding, the court expresses no opinion on the ultimate outcome.

4

SO ORDERED. This 8 day of September 2015.

*James Dever*
JAMES C. DEVER III
Chief United States District Judge

5